Sergei Orel, Esq.
NJ Bar No.: 008862001
SERGEI OREL, LLC
35 Journal Square Plaza, Suite 921
Jersey City, New Jersey 07306
Tel: (201) 491-1464
sorel@sergei-orel.com
sergeiorel@yahoo.com
Attorney for Plaintiffs Rose Toy Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Rose Toy Inc., <br><br>  Plaintiff, <br><br> v. <br><br> Dengfang Zheng aka Niko Zheng, Yunfei Zhou, , <br> www.rosetoyofficial-us.com,  Defendants' Rose Toy online e-commerce storefront operation, John Does Individual Defendants 1 through 10, and Corporate Defendants Does 1 through 10 <br><br>  Defendants. | CIVIL ACTION NO.: **26 - 125 ᵈᵇ** <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK COUNTERFEITING, CYBERSQUATTING, DESIGN PATENT INFRINGEMENT, UNFAIR COMPETITION, AND RELATED RELIEF** |

**JURY TRIAL DEMANDED**

Plaintiff Rose Toy Inc., ("Rose Toy Inc." or "Plaintiff"), a Delaware Corporation, having

its corporate address at 8 The Green, Suite B, Dover, Delaware 19901, through its attorney, sues

defendants named above, says and alleges as follows on knowledge as to Plaintiff's own acts and

on information and belief as to all other matters:

**NATURE OF THE ACTION**

1. This is an action for injunctive relief, damages, disgorgement of profits, and other

relief arising from Defendants' willful counterfeiting and infringement of Plaintiff's ROSE TOY

1

trademark and associated trade dress, misappropriation of Plaintiff's goodwill and online identity, cybersquatting of Plaintiff's domains www.rosetoy.com and www.rosetoyofficial.com through a confusingly similar domain www.rosetoyofficial-us.com, and infringement of Plaintiff's U.S. design patent covering Plaintiff's flagship ROSE TOY product design.

2. Defendants have fraudulently registered and used the domain www.rosetoyofficial-us.com to impersonate Plaintiff, divert consumers, and sell counterfeit ROSE TOY-branded products in U.S. commerce, including through Shopify-hosted storefronts and related payment/fulfillment channels.

3. Defendants' conduct is deliberate, ongoing, and designed to confuse consumers into believing that Defendants' counterfeit goods originate from, are sponsored by, or are affiliated with Plaintiff.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

5. This Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367(a).

6. Venue is proper in the District of Delaware under 28 U.S.C. §§ 1391(b), 1400(a), and 1400(b) because Plaintiff's trademark owner entity is organized in Delaware, and because Defendants transact business in the United States (including in this District) through interactive e-commerce storefronts and have caused harm to Plaintiff's Delaware-based rights and goodwill.

7. This Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k) and due process because Defendants have purposefully directed infringing conduct at the United States, including through sales, offers for sale, advertising, and shipment of counterfeit goods to U.S. consumers. In the alternative, this Court may exercise jurisdiction under Fed. R. Civ. P. 4(k)(2).

8. This Court has personal jurisdiction over Defendants, because defendant Dengfang Zheng has expressly consented to the jurisdiction of this Court by having signed and submitted to Shopify a Declaration in his DMCA Counter Notice he signed on January 24, 2026, having signed same by his pseudonym or fake or alternative name as "niko zheng" (copy of same attached hereto).

**PARTIES**

9. Plaintiff is a company and the beneficial owner of the ROSE TOY brand and the domains www.rosetoy.com and www.rosetoyofficial.com, and is engaged in the design, marketing, and sale of consumer products in interstate and international commerce.

10. Plaintiff's ROSE TOY mark has been used in U.S. interstate commerce for the last several years in connection with goods including vibrators and adult sexual stimulation aids (International Class 010).

11. Plaintiff's ROSE TOY mark is the subject of a U.S. trademark application on the Principal Register, Serial No. 99402245, filed September 19, 2025, owned by Rose Toy Inc, a Delaware corporation located at 8 The Green, Suite B, Dover, Delaware 19901, which is owned by the Plaintiff.

12. Upon information and belief, Defendant Dengfang Zheng, also known as Niko Zheng, is an individual citizen of the People's Republic of China who controls and operates the infringing storefront(s) and infringing domain www.rosetoyofficial-us.com referenced herein.

13. Upon information and belief, Defendant Yunfei Zhou is an individual citizen of the People's Republic of China who acts in concert with Dengfang Zheng/ Niko Zheng to manufacture, import, advertise, and sell the counterfeit ROSE TOY goods.

14. Defendants' Rose Toy online e-commerce storefront operation (entity form unknown) is an entity or business name used by Defendants to market counterfeit goods online at various online storefronts, including on the Shopify online shopping platform.

15. Defendant www.rosetoyofficial-us.com is a domain and website used to operate an imposter storefront and to create consumer confusion. The registrant(s), operator(s), and financial beneficiaries are Defendants and/or the Doe Defendants.

16. Individual Defendants John Does 1–10 and Corporate Defendants Does 1–10 are persons/entities whose identities are currently unknown who participated in, benefited from, or facilitated the infringement (including payment processors, fulfillment operators, sourcing entities, and unknown storefront operators), and will be substituted when identified.

## FACTUAL ALLEGATIONS

17. Plaintiff is the legitimate originator of the ROSE TOY brand and products and has built substantial goodwill and consumer recognition in the ROSE TOY mark through continuous commercial use, marketing, and sales via www.rosetoy.com and related channels.  Plaintiff also

4

owns websites www.rosetoy.com and www.rosetoyofficial.com, through which it sells his genuine and original patented Rose Toy products.

18. Plaintiff is the owner of a registered U.S. design patent, covering the ornamental design of Plaintiff's product. The patented design is embodied in Plaintiff's ROSE TOY products sold in U.S. commerce.

19. Defendants have manufactured, imported, offered for sale, and sold products that copy the patented ornamental design and are substantially the same in overall appearance, thereby infringing Plaintiff's design patent.

20. Defendants have used the mark ROSE TOY and confusingly similar designations, packaging, and presentation to pass off counterfeit goods as authentic ROSE TOY goods. Defendants' conduct includes use of the imposter domain www.rosetoyofficial-us.com to mislead consumers into believing the site is an "official" U.S. version of Plaintiff's genuine www.rosetoy.com site.

21. Defendants' goods are not authorized by Plaintiff, are materially different from Plaintiff's genuine goods, and are offered in a manner designed to trade on Plaintiff's goodwill.

22. Defendants' activities have caused and will continue to cause consumer confusion, deception, diversion of sales, loss of goodwill, and irreparable harm to Plaintiff.

23. Upon information and belief, Defendants also misused platform notice/counter-notice mechanisms in bad faith to keep counterfeit listings online and to frustrate enforcement. Defendants' misuse of platform processes is part of the overall scheme to continue trafficking in counterfeit goods.

24. Defendants deliberately registered and operate the fraudulent imposter website and domain https://rosetoyofficial-us.com/ (the "Fraudulent Website") to impersonate Plaintiff and Plaintiff's official ROSE TOY websites, www.rosetoy.com and www.rosetoyofficial.com.

25. The addition of the terms "official" and "us" is calculated to falsely suggest authorization, affiliation, or sponsorship by Plaintiff, which is a U.S. based company.

26. The Fraudulent Website copies Plaintiff's trademarks, product imagery, branding, and the ornamental product configuration protected by Plaintiff's registered U.S. design patent, and is used to advertise, offer for sale, and sell counterfeit ROSE TOY products to consumers throughout the United States, including within this District.

27. The Fraudulent Website constitutes a primary instrumentality of Defendants' infringement, counterfeiting, unfair competition, and cybersquatting scheme, and is operated willfully and in bad faith for the purpose of diverting consumers, siphoning Plaintiff's goodwill, and generating illicit profits.

**COUNT I – Trademark Infringement (15 U.S.C. § 1114 and/or § 1125(a))**

28. Plaintiff repeats and re-alleges the foregoing paragraphs as if set forth fully herein.

29. Plaintiff owns senior rights in the ROSE TOY trademark through priority use in commerce for the last several years and through its pending U.S. application Serial No. 99402245.

30. Defendants 'use of ROSE TOY and confusingly similar marks in connection with the sale and advertising of identical and/or closely related goods is likely to cause confusion, mistake, and deception.

31. Defendants' infringement is willful. Plaintiff is entitled to injunctive relief, damages, Defendants' profits, and other relief under 15 U.S.C. §§ 1116 and 1117.

**COUNT II – Trademark Counterfeiting (15 U.S.C. §§ 1114(1), 1116(d), 1117(b) and (c))**

32. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

33. Defendants have used counterfeit marks that are identical with, or substantially indistinguishable from, Plaintiff's ROSE TOY mark in connection with goods identical to those offered under the ROSE TOY brand.

34. Defendants 'counterfeiting is willful, entitling Plaintiff to enhanced remedies including statutory damages, treble damages, and attorneys' fees.

**COUNT III – False Designation of Origin / Unfair Competition (15 U.S.C. § 1125(a))**

35. Plaintiff repeats and re-alleges the foregoing paragraphs as if set forth fully herein.

36. Defendants' use of the imposter domain, storefront presentation, and branding falsely designates the origin of Defendants 'goods and creates a false impression of affiliation or sponsorship.

37. Plaintiff has suffered and will continue to suffer irreparable harm unless Defendants are enjoined.

**COUNT IV – Cybersquatting (ACPA) (15 U.S.C. § 1125(d))**

38. Plaintiff repeats and re-alleges the foregoing paragraphs as if set forth fully herein.

39. Defendants registered, trafficked in, and/or used the domain www.rosetoyofficial-us.com, which is confusingly similar to Plaintiff's ROSE TOY mark and Plaintiff's legitimate domain www.rosetoy.com.

40. Defendants acted with bad-faith intent to profit from Plaintiff's mark, including by using the "official-us" formulation to induce consumer trust and divert sales.

41. Plaintiff is entitled to transfer/cancellation of the infringing domain and statutory damages.

### COUNT V – Design Patent Infringement (35 U.S.C. §§ 271 and 289)

42. Plaintiff repeats and re-alleges the foregoing paragraphs as if set forth fully herein.

43. Plaintiff is the owner of a registered U.S. design patent for its ROSE TOY product. Defendants, without authority, made, used, offered to sell, sold, and/or imported articles embodying the patented design or a colorable imitation thereof.

44. Plaintiff is entitled to injunctive relief and to recover Defendants' total profits under 35 U.S.C. § 289, as well as damages and other relief.

### COUNT VI – Common Law Unfair Competition and Passing Off (Delaware common law)

45. Plaintiff repeats and re-alleges the foregoing paragraphs as if set forth fully herein.

46. Defendants' conduct constitutes passing off and unfair competition under Delaware common law, causing consumer confusion and harm to Plaintiff.

### COUNT VII – Unjust Enrichment (Delaware common law)

47. Plaintiff repeats and re-alleges the foregoing paragraphs as if set forth fully herein.

48. Defendants have been unjustly enriched by misappropriating Plaintiff's goodwill and by profiting from counterfeit sales at Plaintiff's expense.

### COUNT VIII – In Rem Cybersquatting Against rosetoyofficial-us.com (15 U.S.C. § 1125(d)(2))

49. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

8

The domain name www.rosetoyofficial-us.com is confusingly similar to Plaintiff's ROSE TOY trademark and Plaintiff's legitimate domains www.rosetoy.com and www.rosetoyofficial.com , and was registered and used with a bad-faith intent to profit from Plaintiff's trademark.

50. If Defendants cannot be found or served with due diligence, or if personal jurisdiction over Defendants cannot be obtained, this Court has in rem jurisdiction over the domain name rosetoyofficial-us.com pursuant to 15 U.S.C. § 1125(d)(2), because the domain name registry and/or registrar is subject to this Court's jurisdiction.

51. Plaintiff seeks an order transferring ownership of the domain rosetoyofficial-us.com to Plaintiff and enjoining further infringing use.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendants and all persons acting in concert with them from using the ROSE TOY mark, any confusingly similar mark, and Plaintiff's trade dress, and from manufacturing, importing, advertising, offering for sale, or selling counterfeit ROSE TOY goods;

B. An order requiring Defendants and all persons in active concert to remove or disable infringing listings and to preserve and produce records relating to manufacture, sourcing, sales, inventory, and revenues;

C. An order transferring, cancelling, or otherwise placing under Court control the infringing domain www.rosetoyofficial-us.com and any other confusingly similar domains;

D. An award of Plaintiff's actual damages, Defendants 'profits, and/or statutory damages, including enhanced remedies for willful counterfeiting under 15 U.S.C. § 1117;

E. An award of Defendants 'total profits for design patent infringement pursuant to 35 U.S.C. § 289, and any additional damages available by law;

F. An award of Plaintiff's reasonable attorneys' fees and costs, including under 15 U.S.C. § 1117(a) and other applicable provisions;

G. Pre-judgment and post-judgment interest; and

H. Such other and further relief as the Court deems just and proper.

**Temporary Restraining Order, Asset Freeze, and Expedited Discovery**

Plaintiff also seeks immediate and extraordinary relief in the form of a Temporary Restraining Order and Preliminary Injunction to prevent ongoing and irreparable harm caused by Defendants' counterfeiting and infringement.

Absent immediate injunctive relief, Defendants will continue to divert sales, dissipate assets, conceal evidence, and frustrate the Court's ability to grant effective final relief. Monetary damages alone are inadequate to compensate Plaintiff for these ongoing harms.

Plaintiff therefore seeks an order: (a) enjoining Defendants and all persons acting in concert with them from using the ROSE TOY mark or any confusingly similar designation; (b) freezing Defendants' assets, including funds held by payment processors, banks, and e-commerce platforms derived from sales of infringing goods; (c) requiring third-party service providers, including Shopify, domain registrars, and payment processors, to disable infringing

storefronts and preserve records; and (d) permitting expedited discovery to identify Defendants'

assets, suppliers, and affiliated accounts.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 2, 2026

Respectfully submitted,

**/s/ Sergei Orel**

Sergei Orel, Esq. (NJ Bar No.: 008862001)
SERGEI OREL, LLC
35 Journal Square Plaza, Suite 921
Jersey City, New Jersey 07306
Tel: (201) 491-1464
sorel@sergei-orel.com
Attorney for Plaintiff Rose Toy Inc.