IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROSE TOY INC.,

             Plaintiff,

    v.

DENGFANG ZHENG, et al.,

             Defendants.

Civil Action No. 26-125-RGA

ORDER

Plaintiff, a corporation, filed this case through an out-of-state attorney on February 3, 2026. (D.I. 1). The next day, the Clerk sent the out-of-state attorney a letter setting forth the need for "Delaware Counsel." (D.I. 3). Plaintiff was advised to obtain Delaware Counsel and have that individual enter an appearance before March 6, 2026. (*Id.*). March 6th came and went with no entry of appearance by Delaware Counsel. So I issued an Order to Show Cause stating that if Delaware Counsel did not enter an appearance by April 6, the case would be dismissed without prejudice. (D.I. 4).

On March 20, Defendants filed an "Emergency Motion for Temporary Restraining Order." (D.I. 10). To date, there has been no response by Plaintiff, including no appearance by Delaware Counsel. It appears that having a lawsuit pending is a vital and necessary link in the factual basis for Defendants' claim that they need a TRO. (D.I. 11 at 1, 5).

The underlying merits of the motion for a TRO is unclear. Rather than decide the merits of the TRO, it seems more appropriate to me to conclude that Plaintiff's failure to obtain Delaware Counsel in the nearly two months since it filed suit is a sufficient basis to dismiss Plaintiff's complaint without prejudice.

Therefore, this 27th day of March 2026, Plaintiff's complaint is DISMISSED without

prejudice. The emergency motion (D.I. 10) is DISMISSED as moot.

IT IS SO ORDERED.

_____
United States District Judge

3/27/26